## DUBOSE v. ELIZABETH HALL et uxor.

A plaintiff who brings an action for the resolution of a sale, on account of the non-payment of the price, after having brought suit upon one of the notes given in payment of the price, may, at any time before going into the trial, discontinue one of the actions, and proceed with the other. The suit upon the note will be a sufficient putting *in mora*, and its effect will not be impaired by the discontinuance.

He who sues a married woman, must allege and show, that she is separate in property from her husband, by marriage contract or by a judgment of court, as the case may be, and without that showing, he will not be able to maintain his suit against her personally, or charge her separate estate.

APPEAL from the District Court of the Parish of Morehouse, *Copley*, J. *Parsons*, for plaintiff. In the dissolution of a sale, the parties ought to be placed in the same situation that they were before the contract was made. The vendor is entitled not only to the recovery of his property, but it should be restored to him free from any incumbrances or charges, whether for improvements or anything else. *Derepas* v. *Shallus*, 15 L. R. 371. *Boner* v. *Mahle*, 3 Ann 600. 6 Ann. 2. Pothier on Sale, No. 476. Domat, Nos. 421, 555.

Defendant failing to comply with the terms of the contract, and having been put in default by a judicial demand, became a possessor in bad faith, and is not entitled to pay for improvements, but is liable for rents and revenues. *Williams* v. *Booker et als.* on a re-hearing, 12 R. R. 256.

*Robertson* and *Boatner*, for defendants, cited Code of Practice, art. 149, 334. C. C. art. 2265. 11 L. R. 108. C. C. arts. 2271, 2372, 2373. 6 R. R. 64. 5 Ann. 173. 5 Ann. 586. 5 Ann. 405. 1 R. R. 34. 3 Ann. 326. 13 L. R. 337. 8 M. R. 705. 7 R. R. 173. 11 L. R. 80. 1 N. S. 312. 1 L. R. 310. 17 L. R. 97. 9 R. R. 351.

By the court:

ROST, J. This is an action for the resolution of a sale, on account of the non-payment of the price.

The defendants excepted to the action on various grounds. The district judge overruled the exceptions, and they have appealed from the judgment rendered against them on the merits.

The plaintiff had brought a suit upon the first note given to him in payment by the defendants, which was still pending when the present action was instituted. The defendants pleaded the action on the note, in bar of the other. In answer to that exception, it is only necessary to refer to the case of *Adams* v. *Lewis*, 7 N. S. p. 404, in which it was held, under a similar state of facts, that the plaintiff may, at any time before going into the trial, discontinue one of the actions, as was done in this case, and proceed with the other.

We think that the defendant was put *in mora* by the suit commenced against her, for that portion of the price which had matured; that as she did not comply with the prayer of the petition, the subsequent discontinuance of the suit did not impair the force and effect of the demand. The exception that she had not been put in default, was therefore also properly overruled.

We are of opinion that the fourth exception was well taken. The plaintiff should have alleged and shown, that *Mrs. Hall* was separate in property from her husband, by marriage contract, or by a judgment of court, as the case may be, and without that showing, he could not sue her personally, or charge her separate estate with the damages he claims.

As, however, it would seem from the answer filed to the merits by the defendant, that she had the right to contract as a *feme sole*, we have come to the conclusion, to remand the case for further proceedings, with leave to the parties to amend.

We deem it proper to state, that we are satisfied that the subject matter of the sale was not a tract of land, but merely a settlement right, and that the warranty to the defendant should be construed with reference to the thing sold.

It is ordered, that the judgment in this case be reversed, and the case remanded for further proceedings, with leave to both parties to amend; the cost of this appeal to be paid by the plaintiff and appellee.